## TEMPLETON v. LOWRY.

1. Under the express terms of the statute, a party after verdict against him for recovery of land, is entitled to recover the value of *all* improvements made upon the land, where he *supposed*, at the *time of his purchase*, that he had a good title in-fee, not excluding those made after subsequent knowledge of title in another.
2. Whether such party so supposed is a question of fact. In determining this question, his knowledge of facts which in law render his title defective, is a circumstance to be considered, but does not in itself show that he did not suppose his title to be in fee.
3. The verdict in the action for the recovery of the land, and for damages, was no adjudication of the issue here raised, as to improvements by clearings on the land.

Before FRASER, J., York, November, 1883.

Action by John M. Templeton against John T. Lowry, to recover under the betterment law for the value of improvements. The opinion states the case.

*Messrs. G. J. Patterson* and *Hart & Hart*, for appellants.

*Mr. Stanyarne Wilson*, contra.

March 23, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. The facts of this case, out of which the questions presented for our consideration arise, are substantially as follows. In June, 1875, a tract of land containing 228 acres was sold as the property of Bratton under executions against Allison & Bratton, and bought by Adickes & McGill, the lien of the judgments upon which these executions were issued extending as far back as the fall of 1873. The defendant, Lowry, was in possession of a portion, at least, of this land at the time of this sale, and held a deed from Bratton, dated April 30, 1875, and recorded June 14, 1875, but he claimed to have gone into possession in January, 1872, under a bond for titles from Bratton. In December, 1875, Adickes & Mc-Gill conveyed without warranty to the plaintiff, Templeton, 106 acres of said land, and he went immediately into possession,

and made improvements upon the portion thus conveyed to him. The land was uncleared, except one or two acres, and was all unenclosed when Templeton bought.

At that time the defendant, Lowry, had tenants on the portion which was not sold to Templeton; but the testimony is somewhat conflicting as to whether he had any possession of the part conveyed to Templeton. Lowry testified that he "was cultivating some land on the part included in Templeton's deed from Adickes & McGill;" but this is denied by Templeton. It seems that Adickes & McGill brought an action against Lowry to recover possession of the whole tract, and we infer from the report of the case, in 12 *S. C. Rep.*, 97, that they failed to recover, by reason of the fact that Lowry had gone into possession under a contract to purchase from Bratton *prior* to the time when the judgments, under which the land was sold, became a lien, although his deed was dated *subsequent* to that time. After this Adickes & McGill refunded to Templeton the purchase money paid them for the 106 acres, and in an action brought by Lowry to recover possession of the 106 acres "and for damages for cutting and removing timber from the premises," the jury found the land for Lowry, and three hundred dollars damages. Thereupon this proceeding was instituted by Templeton for betterments under the statute.

The defendant requested the Circuit judge to charge the jury as follows: "1. If you shall find that Templeton had actual notice of Lowry's title when he bought and entered, or had notice of such facts in regard thereto as would put a man of ordinary prudence on inquiry, then his purchase and entry were in bad faith, and he is not entitled to recover in this issue." This request was refused except with the following qualification, "Unless he had made due inquiry, and he was not able to find any ground for the counterclaim." "2. If you shall find that Lowry was in possession of this land by his tenants at the time Templeton bought and entered, this is such a fact as would put a prudent man on inquiry, and a disregard thereof is such evidence of bad faith in Templeton that he is not entitled to recover in this issue." This request was likewise refused except with this proviso: "If he had the whole land under fence, or was in the actual and constant use of

it in reference to well known natural boundaries." "3. In no event can you allow anything to the plaintiff for clearing lands, inasmuch as that has already been adjudicated by the verdict in the previous action for damages against plaintiff." His honor refused this request, saying, "Nothing in the other verdict can be considered here." 4. The last request was that the jury should be instructed that "virtual or actual possession of land, under color of title, is evidence of right of so high a character that he who disregards it and steals unawares into the possession of any part of it, can only rebut the legal presumption, thence arising, of bad faith, by proving title in himself, which plaintiff has failed to do." This request was refused.

The jury was instructed "that plaintiff could recover for value of improvements put upon this land after he had notice of defendant's title, provided his original purchase and entry were in good faith, and provided the notice was received after the purchase and entry." The jury having found a verdict for the plaintiff, the defendant appealed on the ground of error in refusing to charge the several propositions requested, and in charging that the plaintiff might recover for improvements put upon the land after notice of defendant's title.

This is a proceeding under a special statute, which reads as follows: "That after final judgment in an action to recover lands and tenements in favor of the plaintiff, if the defendant has purchased the lands and tenements recovered in such action * * * supposing at the time of such purchase such title to be good in fee * * · * such defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant," &c. A careful consideration of the terms of this statute, which the courts have no right to abridge or extend, will show conclusively that none of the grounds of appeal can be sustained. It may be that the statute should have been more carefully framed and its operation limited, but of this we are not the judges. That belongs to another department of the government whose province we have no power or desire to encroach upon. By the express terms of the statute the condition upon which the party making the improvements is entitled to recover is declared in language which

admits of no doubt as to its meaning, and which, therefore, affords no room for construction or inference. That condition is that the person from whom land has been recovered shall have purchased a title to the same, "supposing at the time of such purchase such title to be good in fee." The statute makes no provision or exception for a case in which the purchaser shall afterwards obtain notice or even knowledge that the title was in another, but the only thing necessary to his recovery is that he supposed, at the time of his purchase, that the title he was purchasing was a good title in fee.

This must necessarily be a question of fact, for it cannot be doubted for a moment that a person may in the best faith purchase a title which he honestly supposed to be good, but which turns out, as matter of law, to be bad. Indeed, the very purpose of the statute was to relieve in just such a case. Every man is presumed to know the law, and to say that if he knew, even at the time of his purchase, certain facts, which the court subsequently determines were sufficient, as matter of law, to show that the title he was purchasing was not good, and therefore that he had no right to suppose that the title was good, would defeat the manifest object of the act. Of course, the proof of such facts might, and in some cases undoubtedly would, have a very strong bearing upon the question whether he really and honestly supposed at the time of his purchase that he was procuring a good title, but they could not be said, as matter of law, to be conclusive, for the question is, as we have said, a question of fact to be determined by that branch of the court entrusted with the trial of such issues.

So, too, the question as to *what* a party is entitled to recover is not left in any doubt, for the statute expressly declares that he is entitled to recover the value of *all* improvements made upon the land by the party from whom it has been recovered. There is no limitation as to the time when such improvements may have been made, whether before or after notice, or even knowledge of title in another. Here again there may possibly be room for legislative action, but certainly none for the action of the court. In fact, it might prove a very difficult task to fix any definite limit. It certainly would not do to say that where one has in

good faith bought and paid for a tract of land, honestly believing that he had obtained a good title and has commenced the construction of improvements, say the building of a dwelling house, he should be compelled to suspend the work when half complete, or run the risk of losing the value of what he might subsequently add, simply because he has received notice that some one else claims the land. But it is not for us to suggest difficulties that might arise in the attempt to improve upon the terms of the statute. We are simply called upon to administer the law as we find it written.

These views, it seems to us, dispose of the first, second, and fourth requests to charge, for they are all based upon the assumption that the question of whether Templeton supposed at the time of his purchase that he was obtaining a good title was a question of law, and not a mere question of fact. The Circuit judge could not have charged any one of these requests without first assuming to determine what would be sufficient evidence to show that Templeton did not suppose that he was obtaining a good title. If the requests had been that the jury should be told that the circumstances therein mentioned should be considered by them and given due weight in determining the question whether Templeton supposed he was buying a good title, then they would have been unexceptionable; but they could not properly be told that any one or more of these circumstances were conclusive, and if established would defeat Templeton's right to recover.

The third request was also properly refused. The verdict in the former case only established the right of Lowry to recover the land and the damages he had sustained ."for cutting and removing timber from the premises." That was the only thing he sued for, and the question at issue in this case could not arise or be determined in that case.

The only remaining ground of appeal complains of error in instructing the jury that plaintiff could recover for improvements put upon the land after notice of defendant's title, provided his original purchase and entry were in good faith, and provided the notice was received after purchase and entry. This is disposed of by what we have already said. The statute does not limit the

recovery to those improvements put upon the land before notice of another's title, and we think the Circuit judge in his charge, to the jury simply followed the terms of the statute.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.